UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LESLIE JONES,

    Plaintiff,

v.

CENTURION et al.,

    Defendants.

Case No. 1:22-cv-00024

Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

To:    The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

This action brought under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 et seq., arises out of pro se and *in forma pauperis* Plaintiff Leslie Jones's incarceration at the Tennessee Department of Correction's (TDOC) Turney Center Industrial Complex (TCIX) in Only, Tennessee. (Doc. No. 1.) Defendants Dr. Mark Fowler, TCIX Health Care Administrator Kevin Rea, and Dr. Cortez Tucker moved to dismiss Jones's claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(4) for insufficient process, and Rule 12(b)(5) for insufficient service of process.[1] (Doc. Nos. 15, 18, 20.) Jones responded in opposition to Fowler's, Rea's, and Tucker's motions to dismiss (Doc. No. 23), and Fowler, Rea, and Tucker jointly filed a reply and supplemental reply in support of their motions (Doc. Nos. 24, 34).

---

[1]    Defendant TCIX Classification Coordinator Todd Staples also filed a motion to dismiss Jones's claims against him. (Doc. No. 27.) Jones has not responded in opposition to Staples's motion to dismiss, and the Magistrate Judge will address that motion by separate order.

For the reasons that follow, the Magistrate Judge will recommend that the Court deny the defendants' motions.

**I.      Relevant Background**

Jones has neuropathy, and his condition worsens when he walks up and down stairs and hills. (Doc. No. 1.) Jones alleges that, because TCIX is built on steep hills, he frequently has to climb and descend stairs and hills to access housing, medical care, and recreation. (*Id.*) Jones states that doing so has caused him to experience serious medical problems and that he has repeatedly asked the defendants to transfer him to another facility built on flat land, but the defendants have either refused or failed to act on his transfer requests. (*Id.*)

Jones initiated this action on June 29, 2022, by filing a complaint against TCIX, Fowler, Rea, Tucker, TCIX Classification Coordinator Todd Staples, TCIX Assistant Warden of Treatment Jeremey Cotham, TCIX Warden Jason Clendenion, and Centurion, the private company that contracts with TDOC to provide medical services at TCIX.[2] (*Id.*) Jones's complaint asserts § 1983 claims alleging violations of his Eighth and Fourteenth Amendment rights and claims under Title II of the ADA. (*Id.*) The Court granted Jones's application to proceed *in forma pauperis* and reviewed his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. No. 9.) The Court found that Jones had stated colorable Eighth Amendment claims against Clendenion, Cotham, Fowler,

---

[2]     Under the standard governing filings by pro se incarcerated litigants—known as the "prison mailbox rule"—"a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). The rationale for this rule is that "pro se prisoners have no control over delays between the prison authorities' receipt of [a pleading] and its filing, and their lack of freedom bars them from delivering the [pleading] to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 273–74 (1988). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Brand*, 526 F.3d at 925. Jones signed his complaint on June 29, 2022. (Doc. No. 1.)

Rea, Staples, and Tucker in their individual capacities and colorable ADA claims against Clendenion and Cotham in their official capacities. (*Id.*) The Court dismissed all other claims and defendants for failure to state claims on which relief may be granted. (Doc. Nos. 9, 10.)

Jones returned completed service packets for the defendants as ordered by the Court, and the Clerk of Court issued summonses addressed to each defendant on November 22, 2022. (Doc. No. 11.) Because Jones proceeds *in forma pauperis*, the Court directed the U.S. Marshals Service to effect service of process on the defendants on Jones's behalf as required by Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c).

The Marshals Service returned proof of service affidavits for Cotham, Clendenion, Fowler, Rea, and Tucker. (Doc. Nos. 12–14.) The affidavits reflect that the Marshals Service sent summonses addressed to Cotham, Clendenion, and Rea via certified mail to TCIX and that Executive Secretary Wendy Peone personally served the summonses on these three defendants. (Doc. No. 12.) The Marshals Service sent summonses addressed to TDOC, Fowler, and Tucker via certified mail to the TDOC's office building in downtown Nashville, Tennessee, and someone named Tyrone Hall signed certified mail return receipts accepting delivery of the summonses to TDOC's office. (Doc. No. 13.)

Fowler, Rea, and Tucker moved to dismiss Jones's claims against them under Rules 12(b)(2), 12(b)(4), and 12(b)(5). (Doc. Nos. 15, 18, 20.) They argue that the Court lacks personal jurisdiction over them because Jones has not satisfied the service of process requirements set forth in Rule 4. (Doc. Nos. 16, 19, 21.) Jones responds that the Court appointed the Marshals Service to serve the defendants on his behalf, that good cause exists to allow the Marshals Service to cure any defects in service, and that dismissal is therefore not appropriate. (Doc. No. 23.) In the alternative, Jones argues that the Marshals Service properly served Fowler, Rea, and Tucker. (*Id.*)

Fowler, Rea, and Tucker filed a joint reply and supplemental reply arguing that service was not proper and that they are entitled to proper service even though Jones proceeds *in forma pauperis*.[3] (Doc. Nos. 24, 34.)

**II.      Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service

---

[3]      Fowler, Rea, and Tucker did not seek the Court's permission to file a supplemental reply. (Doc. No. 34.)

4

Case 1:22-cv-00024   Document 39   Filed 07/06/23   Page 4 of 8 PageID #: 242

even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

### III. Analysis

Fowler, Rea, and Tucker argue that dismissal is warranted under Rule 12(b)(5) because of problems with the Marshals Service's method of executing service. (Doc. Nos. 16, 19, 21.) They argue that dismissal is warranted under Rule 12(b)(4) because of defects in the summonses themselves. (*Id.*) They argue that, because of these deficiencies, the Court lacks personal jurisdiction over them and should dismiss Jones's claims under Rule 12(b)(2). (*Id.*)

Specifically, Rea argues that Jones has not properly served him because "the summons issued for Mr. Rea states his 'name' as follows: Kevin Rhea.' . . . However, Mr. Rea's legal name is 'Kevin Rea'[.]"[4] (Doc. No. 16.) Rea further argues that he could not be properly served at his place of employment, TCIX, because he "does not reside at [that] address" and that he did not authorize Peone to accept service on his behalf. (*Id.*) Fowler argues that he was improperly served at the business address for the Tennessee Department of Correction because "he does not reside at that address." (Doc. No. 19.) He states that he has not authorized anyone at the Tennessee Department of Corrections to accept service on his behalf. (*Id.*) Tucker similarly argues that he does not reside at Tennessee Department of Correction's business address and has not authorized anyone at that office to accept service on his behalf. (Doc. No. 21.)

When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4(c) "dovetails" with this statute, *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), providing that "[t]he court must" "order that service be made by a United States marshal or deputy

---

[4] The Court notes that Jones spelled Rea's name correctly in his complaint (Doc. No. 1) and Rea is correctly identified in the Court's docket.

marshal or by a person specifically appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3).

> Together, Rule 4(c)([3]) and 28 U.S.C. § 1915([d]) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

The Court finds that Jones "met his burden in identifying the [d]efendants to be served" and, at this point, "responsibility for service of process rests with the Marshals." *Hunter v. Helton*, No. 1:10-CV-00021, 2011 WL 4807757, at *2 (M.D. Tenn. Aug. 11, 2011), *report and recommendation adopted*, 2011 WL 4807716 (M.D. Tenn. Oct. 11, 2011). Jones therefore "cannot be held responsible" if Fowler, Rea, and Tucker "were not properly served[.]" *Id.* Moreover, the Court finds that good cause exists to extend the service deadline under Rule 4(m). Fowler's, Rea's, and Tucker's motions to dismiss Jones's claims should therefore be denied without prejudice.

Fowler, Rea, and Tucker have the right to demand proper service of process in this action. They also have the option to waive service and avoid imposing additional burdens on the Marshals Service in executing its statutory obligation. And the Court may take measures to discover the address of an unserved defendant, including by ordering that service addresses be provided to the Marshals Service so that proper service can be achieved. *Fitts v. Sicker*, 232 F. App'x 436, 443–44 (6th Cir. 2007). In similar circumstances, and following these principles, this Court has provided defendants with a choice: they may waive service of process or "advise the Court in a filing where and when they desire to be served, so that the Court may direct the Marshals Service to serve [d]efendants in said manner." *Hunter*, 2011 WL 4807757, at *2; *see also Stevenson v. Helton*, No. 1:10-cv-00043, 2011 WL 3422776, at *2 (M.D. Tenn. Aug. 4, 2011) ("If [defendants]

7

Case 1:22-cv-00024 Document 39 Filed 07/06/23 Page 7 of 8 PageID #: 245

choose not to waive service, they shall advise the Court in a filing how they wish to properly be served, and the Court will direct the Marshal to serve Defendants in such a manner."), *report and recommendation adopted*, 2011 WL 4807752 (M.D. Tenn. Oct. 11, 2011). It appears that this course of action offers the most efficient means by which to ensure that proper service is effected in this case.

IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Defendants Fowler's, Rea's, and Tucker's motions to dismiss (Doc. Nos. 15, 18, 20) be DENIED WITHOUT PREJUDICE, and that the Court ORDER these defendants to file notices within twenty-one days informing the Court that they agree to waive service of process or, in the alternative, advising the Court where and when the Marshals Service may serve them. If the defendants elect to be served at their residential addresses, they shall provide notice of those addresses under seal.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of July, 2023.

/s/ Alistair Newbern

ALISTAIR E. NEWBERN
United States Magistrate Judge