UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LESLIE JONES,<br><br>    Plaintiff,<br><br>v.<br><br>CENTURION et al.,<br><br>    Defendants. | Case No. 1:22-cv-00024<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

**ORDER**

Pro se Plaintiff Leslie Jones—who is incarcerated in the Bledsoe County Correctional Complex in Pikeville, Tennessee, and appears *in forma pauperis*—has filed a motion to appoint counsel to represent him in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 37.) For the reasons that follow, Jones's motion to appoint counsel will be denied without prejudice.

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers

the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

Jones argues that he cannot afford counsel, suffers from severe neuropathy in his fingertips, has limited knowledge of the law, and that the issues involved in this action are complex. (Doc. No. 37.) The defendants have not opposed Jones's motion to appoint counsel.

However, Jones has shown by his pleadings and motions filed to date that he can communicate with the Court effectively. (Doc. Nos. 1–3, 6, 8, 23, 30.) At this early stage in the proceedings, and considering Jones's demonstrated ability to represent himself, the Court finds no exceptional circumstances to warrant appointment of counsel at this time. Jones's poverty, health challenges, incarceration, and limited knowledge of the law are circumstances common to many pro se civil plaintiffs, most of whom will not be appointed counsel. If circumstances in this case change—for example, if Jones's claims survive summary judgment and proceed to trial—Jones may raise the issue of appointed counsel again.

Accordingly, Jones's motion to appoint counsel (Doc. No. 37) is DENIED WIHTOUT PREJUDICE.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

2
Case 1:22-cv-00024   Document 44   Filed 08/02/23   Page 2 of 2 PageID #: 265