UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LESLIE JONES,<br><br>    Plaintiff,<br><br>v.<br><br>CENTURION et al.,<br><br>    Defendants. | Case No. 1:22-cv-00024<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

On July 6, 2023, the Court found that pro se Plaintiff Leslie Jones has not filed a response in opposition to Defendant Todd Staples's motion to dismiss Jones's Eighth Amendment claim against him in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 38.) The Court ordered Jones to show cause by July 20, 2023, why the Magistrate Judge should not recommend that the Court dismiss his claim against Staples under Federal Rule of Civil Procedure 41(b) for Jones's failure to prosecute or under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(5) for the reasons stated in Staples's motion. (*Id.*) Jones has not responded to the Court's show-cause order or to Staples's motion to dismiss.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Jones's claim against Staples without prejudice under Rule 41(b) and find Staples's motion to dismiss moot.

**I.    Relevant Background**

This action arises out of Jones's incarceration at the Tennessee Department of Correction's (TDOC) Turney Center Industrial Complex (TCIX) in Only, Tennessee, where Staples worked as

a classification coordinator. (Doc. No. 1.) Jones has neuropathy, and his condition worsens when he walks up and down stairs and hills. (*Id.*) Jones alleges that, because TCIX is built on steep hills, he frequently had to climb and descend stairs and hills to access housing, medical care, and recreation. (*Id.*) Jones states that doing so caused him to experience serious medical problems and that he repeatedly asked Staples and other TCIX and TDOC employees to transfer him to another facility built on flat land, but they either refused or failed to act on his transfer requests. (*Id.*)

Jones initiated this action by filing a complaint against Staples and several other defendants asserting § 1983 claims alleging violations of his Eighth and Fourteenth Amendment rights and claims under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. (*Id.*) The Court granted Jones's application to proceed *in forma pauperis* and reviewed his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 9, 10.) The Court found that Jones stated a colorable Eighth Amendment claim against Staples in his individual capacity and allowed that claim to proceed for further development, but dismissed Jones's other claims against Staples for failure to state claims on which relief may be granted. (Doc. Nos. 9, 10.)

Jones returned a completed service packet for Staples as ordered by the Court, and the Clerk of Court issued a summons addressed to Staples. (Doc. No. 11.) Because Jones proceeds *in forma pauperis*, the Court directed the U.S. Marshals Service to effect service of process on Staples on Jones's behalf as required by Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c).

The Marshals Service filed an affidavit stating that it sent Staples's summons to TCIX via certified mail, but Executive Secretary Wendy Peone returned the summons unexecuted with a note that Staples was on parental leave and could not be served at TCIX. (Doc. No. 14.)

Staples nevertheless appeared and moved to dismiss Jones's claim against him under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(5). (Doc. No. 27.) Staples argues that

2

Case 1:22-cv-00024    Document 45    Filed 08/02/23    Page 2 of 8 PageID #: 267

dismissal is warranted under these rules because Jones has not served him with a summons and copy of the complaint, the Court therefore lacks personal jurisdiction over him, and the deadline to effect service of process in this action has passed. (Doc. No. 28.) Staples certified that he served a copy of his motion and supporting memorandum of law on Jones via certified mail addressed to TCIX. (Doc. Nos. 27, 28.)

The Court ordered Jones to file any response in opposition to Staples's motion within fourteen days of being served it and warned Jones "that failure to file a timely response in opposition to the motion to dismiss may result in a recommendation that the motion be granted as unopposed or the [claim] be dismissed for failure to prosecute." (Doc. No. 29.) Jones did not file a response to Staples's motion. Instead, the Court received a letter from Jones stating that he had been transferred from TCIX to the Bledsoe County Correctional Complex (BCIX) in Pikeville, Tennessee. (Doc. No. 30.)

On July 6, 2023, the Court directed the Clerk of Court to mail a copy of Staples's motion to dismiss and supporting memorandum of law to Jones at BCIX and ordered Jones to show cause by July 20, 2023, "why the Court should not dismiss his claim[ ] against Staples and why it should allow him to file an untimely response in opposition to Staples's motion." (Doc. No. 38, PageID# 230.) The Court warned Jones that failure to comply with the show-cause order would "likely result in a recommendation that the Court dismiss his claim[ ] against Staples." (*Id.*)

The docket shows that Jones has not responded to the Court's show-cause order or to Staples's motion to dismiss.

II. **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing

*Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of

his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Dismissal of Jones's claim against Staples is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Jones.

**A.     Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Jones's failure to respond to Staples's motion to dismiss and failure to respond to the Court's show-cause order. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Because filing a motion to dismiss is a typical step in early litigation, the second factor weighs against dismissal here. *See id.* at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Jones that failure to file a timely response in opposition to Staples's

motion to dismiss and failure to respond to the Court's show-cause order would likely result in a recommendation of dismissal. (Doc. Nos. 29, 38.) This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though Staples has filed a motion to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that Jones's Eighth Amendment individual-capacity claim against Staples be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Jones's failure to prosecute and that Staples's motion to dismiss (Doc. No. 27) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

7

Case 1:22-cv-00024   Document 45   Filed 08/02/23   Page 7 of 8 PageID #: 272

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 2nd day of August, 2023.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge