IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| LESLIE JONES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00024 |
| | ) | Jury of Twelve Demanded |
| CENTURION, ET AL., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| | ) | NEWBERN |
| Defendants. | ) | |

**DEFENDANTS MARK FOWLER, M.D., CORTEZ TUCKER, M.D., AND KEVIN REA'S MOTION TO JOIN DEFENDANTS FRANK STRADA, JEREMEY COTHAM, AND JASON CLENDENION'S MOTION TO DISMISS AND/OR FILE AN AMENDED MOTION TO DISMISS**

COME NOW, Defendants Mark Fowler, M.D., Cortez Tucker, M.D., and Kevin Rea (collectively hereinafter "these Defendants"), by and through counsel, and hereby respectfully request to join Defendants Frank Strada, Jeremey Cotham, and Jason Clendenion's Motion to Dismiss [Docs. 59-60] and/or file an Amended Motion to Dismiss. In further support of this Motion, these Defendants adopt, incorporate, and rely upon their contemporaneously filed Memorandum of Law, and would further show the Court as follows:

1. Defendants Frank Strada, Jeremey Cotham, and Jason Clendenion filed a Motion to Dismiss with accompanying Memorandum of Law on April 10, 2024, on the basis that the Plaintiff is no longer housed at Turney Center Industrial Complex ("TCIX") thus rendering the relief sought in the Complaint, a transfer from TCIX, moot, and subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Docs. 59-60].

1

2. These Defendants filed their own Motion to Dismiss and adopted the Motion and Memorandum of Law as if fully set forth therein under Rule 10(c) of the Federal Rules of Civil Procedure on April 11, 2024. [Doc. 62].

3. The Court recently entered a Show Cause Order providing that the Court would afford the Plaintiff an opportunity to show cause why the Court should not dismiss his claims against the Defendants in this case and why it should allow him to file untimely responses in opposition to these Defendants' Motions to Dismiss. [Doc. 67, p. 3]. The Court further included a footnote stating "The Court does not address in this Order whether a party may [']adopt, incorporate, and rely upon as if fully set forth herein['] (Doc. No. 62) another party's dispositive motion and supporting memorandum of law under Rule 10(c), which provides that [']a statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.['] Fed. R. Civ. P. 10(c)." [Doc. 67, p. 1, n.1].

4. While the Court noted it was not addressing whether a dispositive motion can be adopted and incorporated at that time, these Defendants address it now out of an abundance of caution and as to not cause any delay in this case.

5. These Defendants adoption and incorporation by reference of Defendants Frank Strada, Jeremey Cotham, and Jason Clendenion's Motion to Dismiss was appropriate in this matter [Doc. 62] under prior precedent of this Court. <u>Minnis v. Sumner Cty. Bd. of Educ</u>., Civil Action No. 3:10-cv-75, 2010 U.S. Dist. LEXIS 100336, at *4 (M.D. Tenn. Sep. 20, 2010). Thus, these Defendants' prior Motion to Dismiss [Doc. 62] should respectfully be considered by the Court and the same relief, to the extent such is granted, afforded to these Defendants as to their Co-Defendants.

6. Nonetheless, should the Court determine the more appropriate procedural mechanism would be for these Defendants to request to join the Motion to Dismiss rather than adopting and incorporating it, these Defendants respectfully request to do so at this time because the same claims regarding transfer are likewise moot as to them based on the Plaintiff's transfer to another facility based on the Plaintiff's claims in this case. [Docs. 1-3, and 9, pp. 11, 16]. This is an appropriate and timely request since there is not a Report and Recommendation entered on the Motion to Dismiss at this time. Akers v. Funding, No. 3:21-00693, 2022 U.S. Dist. LEXIS 231455, at *5 (M.D. Tenn. Aug. 25, 2022).

7. Alternatively, the deadline for filing dispositive Motions under the current Scheduling Order is June 11, 2024. [Doc. 53, p. 4]. Moreover, the Plaintiff was already previously on notice that these Defendants sought the same relief and thus, there would be no prejudice to the Plaintiff, or any other party, in doing so since it relies upon the same authority and arguments, and seeks the same relief, as Defendants Frank Strada, Jeremey Cotham, and Jason Clendenion's Motion to Dismiss. Therefore, even though it appears these Defendants could file an Amended Motion to Dismiss without leave of Court, these Defendants respectfully request the Court permit the filing of the Amended Motion to Dismiss, attached hereto as Exhibit 1 (with accompanying Memorandum of Law), out of an abundance of caution. Wiggins v. Jedson Eng'g, Inc., No. 1:19-CV-00354-DCLC-CHS, 2020 U.S. Dist. LEXIS 225893, at *2 (E.D. Tenn. Apr. 29, 2020) (permitting amendment of Rule 12(b) Motion when good cause was shown).

8. Even though Local Rule 7.01(a)(1) only requires consultation with counsel prior to filing certain motions if all parties are represented by counsel, which is not the case here, undersigned counsel consulted co-defense counsel about the present Motion since it involves co-

3

Case 1:22-cv-00024   Document 68   Filed 05/21/24   Page 3 of 5 PageID #: 386

defense's original Motion. Counsel for Defendants Frank Strada, Jeremey Cotham, and Jason Clendenion do not object to the relief sought herein.

WHEREFORE, based on the foregoing, Defendants Mark Fowler, M.D., Cortez Tucker, M.D., and Kevin Rea respectfully assert that it is, and was, permissible and appropriate for them to adopt and incorporate Defendants Frank Strada, Jeremey Cotham, and Jason Clendenion's Motion to Dismiss, pursuant to Rule 10(c) of the Federal Rules of Procedure. [Doc. 62]. Nonetheless, should the Court determine there is a more appropriate procedural mechanism, such as these Defendants requesting that they be permitted to join their Co-Defendants' Motion to Dismiss since the same authority and relief sought is likewise applicable to them, it is hereby respectfully requested at this time. In the alternative, these Defendants respectfully request they be permitted to file the Amended Motion to Dismiss (attached hereto as Exhibit 1) since the dispositive motion deadline has not expired yet in this matter and there would be no prejudice to the Plaintiff, or any other party, because it would be the same arguments and authority asserted by these Defendants' Co-Defendants and Plaintiff, as well as all other parties to this case, were already previously on notice that these Defendants sought the same relief as Defendants Frank Strada, Jeremey Cotham, and Jason Clendenion's Motion to Dismiss [Docs. 59-60] and thus, the proposed amendment is proper.

Respectfully submitted this the 21st day of May 2024.

By: /s/ Meagan Collver
Meagan Collver (BPR No. 035101)
LEWIS THOMASON, P.C.
PO Box 2425
Knoxville, TN 37901
Telephone: (865) 541-5236
Facsimile: (865) 523-6529
MCollver@LewisThomason.com
*Counsel for the Defendants Mark Fowler, M.D.
Kevin Rea, and Cortez Tucker, M.D.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 21, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. The following parties were served via the Court's electronic filing system:

Frank LoGrippo, Esq.
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
Tennessee Attorney General's Office
PO Box 20207
Nashville, TN 37202

    The party listed below has also been served this day by U.S. Mail with prepaid postage sufficient to reach the same at the following address:

Leslie Jones
Bledsoe County Correctional Complex 11-22-B
1045 Horsehead Road
Pikeville, Tennessee 37367

        /s/ Meagan Collver
        ATTORNEY