UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LESLIE JONES,<br><br>    Plaintiff,<br><br>v.<br><br>CENTURION et al.,<br><br>    Defendants. | Case No. 1:22-cv-00024<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

This action brought under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 et seq., arises out of pro se and *in forma pauperis* Plaintiff Leslie Jones's incarceration at the Tennessee Department of Correction's (TDOC) Turney Center Industrial Complex (TCIX) in Only, Tennessee. (Doc. No. 1.) Jones's complaint seeks monetary damages and injunctive relief against remaining Defendants TCIX Warden Jason Clendenion, TCIX Assistant Warden of Treatment Jeremey Cotham, TDOC Commissioner Frank Strada, Dr. Mark Fowler, Dr. Cortez Tucker, and TCIX Health Care Administrator Kevin Rea.[1] (Doc. Nos. 1, 2.)

---

[1] The Court has dismissed Jones's claims against TCIX Classification Coordinator Todd Staples and Centurion, the private company that contracts with TDOC to provide medical services at TCIX. (Doc. Nos. 9, 10, 45, 49.) Jones's complaint does not name Strada or TDOC as a defendant (Doc. No. 1); however, the Court has construed Jones's ADA claims against Clendenion and Cotham in their official capacities as claims against TDOC (Doc. Nos. 9, 10), the docket reflects that TDOC is a defendant in this action, and Strada joined Clendenion and Cotham in moving to dismiss Jones's injunctive relief claims (Doc. Nos. 59, 60).

The defendants have filed motions to dismiss in part Jones's claims for injunctive relief under Rule 12(b)(1) for lack of subject-matter jurisdiction (Doc. Nos. 59, 62), arguing that these claims are moot because Jones has since been transferred to another TDOC facility (Doc. No. 60). The defendants' motions do not address Jones's claims for monetary damages, and those claims will remain pending. Jones has responded in opposition to the defendants' motions to dismiss his injunctive relief claims (Doc. No. 73), and Fowler, Tucker, and Rea filed an optional reply (Doc. No. 75).

For the reasons that follow, the Magistrate Judge will recommend that the defendants' motions to dismiss be granted with regard to Jones's injunctive relief claims and denied as to all other claims and that the Court provide Jones an opportunity to move for leave to amend his complaint.

I.     **Relevant Background**

Jones suffers from neuropathy, and his condition worsens when he walks up and down stairs and hills. (Doc. No. 1.) Jones's complaint alleges that, because TCIX is located on steep hilly terrain, he frequently has to climb and descend stairs and hills to access housing, medical care, and recreation. (*Id.*) Jones states that this has caused him to experience serious medical problems and that he has repeatedly asked the defendants to transfer him to another facility built on flat land, but the defendants have either refused or failed to act on his transfer requests. (*Id.*)

Jones initiated this action on June 29, 2022, by filing a complaint against TCIX, Cotham, Clendenion, Fowler, Tucker, Rea, TCIX Classification Coordinator Todd Staples, and Centurion, the private company that contracts with TDOC to provide medical services at TCIX.[2] (*Id.*) Jones's

---

2      Under the standard governing filings by pro se incarcerated litigants—known as the "prison mailbox rule"—"a pro se prisoner's [pleading] is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002)). The rationale for this rule is that "pro se

complaint asserts § 1983 claims alleging violations of his Eighth and Fourteenth Amendment rights and claims under Title II of the ADA. (*Id.*) Jones seeks monetary relief for the defendants' alleged constitutional and statutory violations and injunctive relief in the form of an order transferring him to DeBerry Special Needs Facility (DSNF). (Doc. No. 2.)

The Court granted Jones's application to proceed *in forma pauperis* and reviewed his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 9, 10.) The Court found that Jones had stated colorable Eighth Amendment claims against Clendenion, Cotham, Fowler, Rea, Staples, and Tucker in their individual capacities and colorable ADA claims against Clendenion and Cotham in their official capacities, which are claims against TDOC. (Doc. Nos. 9, 10.) The Court dismissed all other claims and defendants in Jones's complaint for failure to state claims on which relief may be granted. (Doc. Nos. 9, 10.) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 10.)

At Jones's request, the Clerk of Court issued summonses for Clendenion, Cotham, Fowler, Rea, Staples, Tucker, and former TDOC Commissioner Lisa Helton. (Doc. No. 11.) Because Jones proceeds *in forma pauperis*, the Court directed the U.S. Marshals Service to effect service of process on the defendants on Jones's behalf as required by Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c).

---

prisoners have no control over delays between the prison authorities' receipt of [a pleading] and its filing, and their lack of freedom bars them from delivering the [pleading] to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 273–74 (1988). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Brand*, 526 F.3d at 925. All references herein to Jones's filings use the dates on which Jones signed his filings. Jones signed his complaint on June 29, 2022. (Doc. No. 1.)

Fowler, Rea, and Tucker appeared and moved to dismiss all of Jones's claims against them under Rules 12(b)(2), 12(b)(4), and 12(b)(5), arguing that the Court lacked personal jurisdiction over them because Jones had not satisfied the service of process requirements set forth in Rule 4. (Doc. Nos. 15, 18, 20.) Jones responded in opposition (Doc. No. 23), and Fowler, Rea, and Tucker filed replies (Doc. No. 24, 34). The Magistrate Judge entered a report and recommendation finding that because "Jones 'met his burden in identifying the [d]efendants to be served' and . . . 'responsibility for service of process rests with the Marshals[,]' Jones therefore 'cannot be held responsible' if Fowler, Rea, and Tucker 'were not properly served[.]'" *Jones v. Centurion*, Case No. 1:22-cv-00024, 2023 WL 4378095, at *4 (M.D. Tenn. July 6, 2023) (first and last alterations in original) (quoting *Hunter v. Helton*, No. 1:10-CV-00021, 2011 WL 4807757, at *2 (M.D. Tenn. Aug. 11, 2011)), *report and recommendation adopted*, 2023 WL 4771169 (M.D. Tenn. July 26, 2023). The Magistrate Judge further found "that good cause exist[ed] to extend the service deadline under Rule 4(m)" and recommended that the Court deny without prejudice Fowler's, Rea's, and Tucker's motions to dismiss and order "these defendants to file notices within twenty-one days informing the Court that they agree to waive service of process or, in the alternative, advising the Court where and when the Marshals Service may serve them." *Id.* The Court adopted the Magistrate Judge's report and recommendation over Fowler, Rea, and Tucker's objections. (Doc. No. 43.) Fowler, Rea, and Tucker subsequently filed waivers of service. (Doc. Nos. 46–48.)

Staples also appeared and moved to dismiss Jones's Eighth Amendment claim against him under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(5), arguing that Jones had not effected service of process on him. (Doc. Nos. 27, 28.) The Magistrate Judge ordered Jones to file any response in opposition to Staples's motion within fourteen days of being served and warned Jones that failure to file a timely response might result in a recommendation that his claim against

Staples be dismissed under Rule 41(b) for Jones's failure to prosecute. (Doc. No. 29.) Jones did not file a response to Staples's motion. Instead, the Court received a letter from Jones stating that he had been transferred from TCIX to Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee. (Doc. No. 30.) The Magistrate Judge directed the Clerk of Court to mail a copy of Staples's motion to dismiss to Jones at BCCX and ordered Jones to show cause by July 20, 2023, "why the Court should not dismiss his claim[ ] against Staples and why it should allow him to file an untimely response in opposition to Staples's motion." (Doc. No. 38, PageID# 230.) The Magistrate Judge warned Jones that failure to comply with the show-cause order would "likely result in a recommendation that the Court dismiss his claim[ ] against Staples." (*Id.*) Jones did not respond to the show cause order, and the Magistrate Judge entered a report and recommendation recommending that the Court dismiss Jones's claim against Staples without prejudice under Rule 41(b) for Jones's failure to prosecute and find moot Staples's motion to dismiss. (Doc. No. 45.) Neither Jones nor Staples filed objections to the report and recommendation, and the Court adopted it. (Doc. No. 49.)

Clendenion, Cotham, Strada, Fowler, Rea, and Tucker answered Jones's complaint. (Doc. Nos. 35, 50–52.) The Magistrate Judge entered a scheduling order setting deadlines for filing motions to amend the pleadings, conducting discovery, and filing dispositive motions. (Doc. No. 53.)

On April 10, 2024, Clendenion, Cotham, and Strada filed a motion to dismiss Jones's official-capacity injunctive relief claims against them under Rule 12(b)(1) for lack of subject-matter jurisdiction. (Doc. No. 59.) Clendenion, Cotham, and Strada argue that Jones's "claims for injunctive relief against [them] in their official capacities" "are moot and no longer justiciable" because Jones "is no longer housed at [TCIX]" and "[t]he specific injunctive relief sought—

5

Case 1:22-cv-00024    Document 88    Filed 02/26/25    Page 5 of 12 PageID #: 463

Staples be dismissed under Rule 41(b) for Jones's failure to prosecute. (Doc. No. 29.) Jones did not file a response to Staples's motion. Instead, the Court received a letter from Jones stating that he had been transferred from TCIX to Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee. (Doc. No. 30.) The Magistrate Judge directed the Clerk of Court to mail a copy of Staples's motion to dismiss to Jones at BCCX and ordered Jones to show cause by July 20, 2023, "why the Court should not dismiss his claim[ ] against Staples and why it should allow him to file an untimely response in opposition to Staples's motion." (Doc. No. 38, PageID# 230.) The Magistrate Judge warned Jones that failure to comply with the show-cause order would "likely result in a recommendation that the Court dismiss his claim[ ] against Staples." (*Id.*) Jones did not respond to the show cause order, and the Magistrate Judge entered a report and recommendation recommending that the Court dismiss Jones's claim against Staples without prejudice under Rule 41(b) for Jones's failure to prosecute and find moot Staples's motion to dismiss. (Doc. No. 45.) Neither Jones nor Staples filed objections to the report and recommendation, and the Court adopted it. (Doc. No. 49.)

Clendenion, Cotham, Strada, Fowler, Rea, and Tucker answered Jones's complaint. (Doc. Nos. 35, 50–52.) The Magistrate Judge entered a scheduling order setting deadlines for filing motions to amend the pleadings, conducting discovery, and filing dispositive motions. (Doc. No. 53.)

On April 10, 2024, Clendenion, Cotham, and Strada filed a motion to dismiss Jones's official-capacity injunctive relief claims against them under Rule 12(b)(1) for lack of subject-matter jurisdiction. (Doc. No. 59.) Clendenion, Cotham, and Strada argue that Jones's "claims for injunctive relief against [them] in their official capacities" "are moot and no longer justiciable" because Jones "is no longer housed at [TCIX]" and "[t]he specific injunctive relief sought—

transfer from TCIX—would not, if granted, affect the legal interests of the parties." (Doc. No. 60, PageID# 359.) On the following day, Fowler, Rea, and Tucker filed a motion to dismiss "adopt[ing], incorporat[ing], and rely[ing] upon" Cotham, Clendenion, and Strada's "Motion to Dismiss and Memorandum of Law in support thereof, to the extent applicable to" Fowler, Rea, and Tucker. (Doc. No. 62, PageID# 368.) Fowler, Rea, and Tucker subsequently filed a motion to join Cotham, Clendenion, and Strada's motion to dismiss or, in the alternative, for leave to file an amended motion to dismiss. (Doc. No. 68.) The Court granted Fowler, Rea, and Tucker's motion to join, stating that Fowler, Rea, and Tucker "will be deemed to have joined the motion to dismiss filed by" Cotham, Clendenion, and Strada. (Doc. No. 84, PageID# 450.)

On May 17, 2024, the Magistrate Judge found that Jones had not filed a response in opposition to the defendants' motions to dismiss his claims for injunctive relief within the time provided by the Court's scheduling order and the Federal Rules of Civil Procedure. (Doc. No. 67.) The Magistrate Judge ordered Jones to show cause by June 7, 2024, why the Magistrate Judge should not recommend that the Court dismiss Jones's claims against Cotham, Clendenion, Strada, Fowler, Rea, and Tucker for failure to prosecute or for the reasons stated in their motions to dismiss. (*Id.*) The Magistrate Judge further ordered Jones to file any responses in opposition to the defendants' motions to dismiss by the same date and warned Jones that failure to comply with the show-cause order would likely result in a recommendation that his claims be dismissed. (*Id.*)

Jones filed a response to the show-cause order on June 3, 2024, stating that he did not receive the defendants' motion to dismiss until May 23, 2024. (Doc. No. 72.) Jones states that the defendants' "motion was received at [BCCX]" on April 30, 2024, even though it was addressed to Jones at TCIX. But Jones states that he was not at BCCX on April 30, 2024, and did not receive the motion until May 23, 2024, when he returned to BCCX from "a medical appointment[.]" (*Id.*

6

Case 1:22-cv-00024    Document 88    Filed 02/26/25    Page 6 of 12 PageID #: 464

at PageID# 407.) On June 4, 2024, Jones filed a response in opposition to the defendants' motions to dismiss, arguing that the "[r]elief sought [in his complaint] is not only [i]njunctive but [also] compensatory and [p]unitive and that transfer to [BCCX]" did not moot his request for an order transferring him to DSNF because BCCX "has a hill to the recreational yard" and "is not flat land[,]" and Jones "is [still] qualified to be transferred to" DSNF. (Doc. No. 73, PageID# 411.)

Fowler, Rea, and Tucker filed a reply to Jones's show-cause response, stating that their "Motion to Dismiss was served, as evidenced by their Certificate of Service, on [Jones] at Bledsoe County Correctional Complex 11-22-B, 1045 Horsehead Road, Pikeville, Tennessee 37367" which "is the address on file with the Court" for Jones. (Doc. No. 74, PageID# 418, ¶ 3.) Fowler, Rea, and Tucker state, however, that they "ultimately defer to the Court's determination as to whether [Jones] has demonstrated good cause as to why his claims against [them] should not be dismissed for failure to prosecute." (*Id.* at PageID# 419, ¶ 6.) Fowler, Rea, and Tucker also filed an optional reply in support of their motion to dismiss Jones's claims for injunctive relief (Doc. No. 75), while Cotham, Clendenion, and Strada did not. Jones filed surreplies regarding his show-cause response and the defendants' motions to dismiss. (Doc. Nos. 78, 79.)

**II.**     **Legal Standard**

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[3] U.S. Const. art. III, § 2,

---

[3]     For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104. A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022). A factual attack "'contests the alleged jurisdictional facts by introducing evidence outside the pleadings.'" *Id.* (quoting *Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021)). In resolving factual attacks, "'the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts, and the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Id.* (quoting *Gaetano*, 994 F.3d at 505).

**III.     Analysis**

As a threshold matter, the Magistrate Judge finds that Jones has adequately responded to the show-cause order and will therefore consider Jones's response in opposition to the defendants' motions to dismiss as timely filed.

Cotham, Clendenion, and Strada—and, by incorporation, Fowler, Rea, and Tucker—have only moved to dismiss Jones's injunctive relief claims against them for lack of subject-matter jurisdiction on the ground that the claims are moot.[4] (Doc. Nos. 59, 60, 62.) "Under Article III of the Constitution, [a federal court's] jurisdiction extends only to actual cases and controversies. [A federal court] ha[s] no power to adjudicate disputes which are moot." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). The argument that Jones's requested injunctive relief is moot constitutes a factual attack on subject-matter jurisdiction. *See Duren v. Byrd*, NO. 1:18-cv-00084, 2021 WL 3848105, at *5 (M.D. Tenn. Aug. 26, 2021).

In general, a transfer to another prison moots an incarcerated plaintiff's claim for injunctive relief related to prison conditions if the alleged risk of harm does not travel to the plaintiff's new

---

[4]    Cotham, Clendenion, and Strada's motion to dismiss relies only on Rule 12(b)(1) and challenges only Jones's injunctive relief claims. (Doc. Nos. 59, 60.) Fowler, Rea, and Tucker expressly adopted Cotham, Clendenion, and Strada's motion and supporting memorandum of law. (Doc. Nos. 62, 84.) Nevertheless, in their reply brief, Fowler, Rea, and Tucker argue for the first time that all of Jones's claims for relief against them should be dismissed under either Rule 12(b)(1) or Rule 12(b)(6). (Doc. No. 75.) Because Fowler, Rea, and Tucker did not move to dismiss Jones's claims for monetary damages and did not move for dismissal under Rule 12(b)(6), the Court should decline to address these belated arguments and deem them waived for purposes of the motions to dismiss. *See, e.g.*, *Ind. Pub. Ret. Sys. v. AAC Holdings, Inc.*, Case No. 3:19-cv-00407, 2021 WL 1316705, at *4 (M.D. Tenn. Apr. 8, 2021) (declining to address "[d]efendants' belated argument related" to "[p]laintiffs' scheme liability claims" where "[d]efendants did not move to dismiss" these claims); *Laporte v. City of Nashville*, Case NO. 3:18-cv-00282, 2019 WL 845413, at *4 n.8 (declining to address legal theory defendant raised "for the first time in her reply brief").

location. *Colvin v. Caruso*, 605 F.3d 282, 290, 295 (6th Cir. 2010) (holding plaintiff's request for injunctive relief "directed specifically at [first prison's] policies and procedures" was mooted by transfer, but plaintiff's injunctive relief claim challenging first prison's Kosher meal policy was not mooted by transfer when policy continued to apply at new prison); *see also Proctor v. Applegate*, 661 F. Supp. 2d 743, 762 (E.D. Mich. 2009) ("When a prisoner sues for equitable relief and, by virtue of a transfer to another prison, is no longer under the control or custody of the defendants, his claims for injunctive and declaratory relief are moot."). "Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *Proctor*, 661 F. Supp. 2d at 762 (quoting *Kime v. Jones*, No. 4:06-cv-28, 2007 WL 586793, at *3 (W.D. Mich. Feb. 21, 2007)).

Jones filed his complaint while incarcerated at TCIX seeking injunctive relief in the form of an order transferring him to DSNF. (Doc. Nos. 1, 2.) Specifically, Jones asks for an injunction requiring "that the Defendants transfer [him] to [DSNF] to relieve his medical pains from being housed at TCIX." (Doc. No. 2, PageID# 22, ¶ 4.) There is no dispute that Jones has since been transferred to BCCX, another TDOC facility. The defendants argue that Jones's claims for injunctive relief "are moot because [Jones] no longer resides at TCIX and he 'would derive no benefit from the issuance of an injunction addressing those conditions.'" (Doc. No. 60, PageID# 362 (quoting *Fields v. Schofield*, No. 2:15-CV-110, 2018 WL 5289840, at *4 (E.D. Tenn. Oct. 24, 2018)).) According to the defendants, "no actual injury remains that the Court could redress with a favorable decision." (*Id.* (quoting *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009)).)

Jones argues that his transfer to BCCX did not moot his request for an injunction transferring him to DSNF because DSNF has "rehabilitative [s]ervices available, [f]lat land, [and] available recreational activities without having to travel up and down a hill" while BCCX's "recreational yard sits on a hill . . . ." (Doc. No. 73, PageID# 412.) Jones further argues that the "[d]efendants['] claim that [he] is no longer at risk is not true" because he "has since developed drop foot and received a[n] orthotic device for toe clearance." (*Id.* at PageID# 413.)

To the extent that Jones now seeks injunctive relief transferring him from BCCX to DSNF, the defendants at TCIX sued in their individual capacities—Clendenion, Cotham, Fowler, Rea, and Tucker—no longer have any ability to provide that relief.[5] Jones's individual-capacity § 1983 claims for injunctive relief against Clendenion, Cotham, Fowler, Rea, and Tucker are therefore moot. *See Proctor*, 661 F. Supp. 2d at 762. Jones also asserts official-capacity ADA claims for injunctive relief against Clendenion and Cotham, which the Court has construed as claims against TDOC. Because BCCX, like TCIX, is a TDOC facility, it appears that TDOC still has control and custody over Jones's housing. However, TDOC is only named as a defendant in this action to the extent that Jones sues two TCIX officials, Clendenion and Cotham, in their official capacities. Jones has not named any BCCX officials as defendants

Considering these circumstances, and in light of Jones's pending claims for monetary damages against the defendants, the most appropriate and efficient course of action is to grant the defendants' motions to dismiss Jones's injunctive relief claims without prejudice to Jones moving for leave to file an amended pleading that updates his injunctive relief claims to address current factual circumstances.

---

5    These defendants do not argue and the Court makes no finding as to whether they would have had the ability to transfer Jones to a new institution if he had remained at TCIX.

### IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the defendants' motions to dismiss Jones's injunctive relief claims (Doc. Nos. 59, 62) be GRANTED with respect to Jones's injunctive-relief claims and DENIED as to all other claims, that the Court DISMISS WITHOUT PREJUDICE Jones's injunctive relief claims and allow Jones thirty days to file a motion under Rule 15(a) for leave to amend his pleading attaching as an exhibit a proposed amended complaint.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of February, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge