IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| LESLIE JONES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | NO. 1:22-cv-00024 |
| v. | ) |  |
|  | ) | JUDGE RICHARDSON |
| CENTURION, ET AL., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 88, "R&R") of the Magistrate Judge, which recommends that the Court grant Defendants'[2] motions to dismiss (Doc.

---

[1] Herein, "the Court" refers to the District Judge who was assigned to this case at the time in question, as opposed to the Magistrate Judge who authored the R&R. The Court notes that the undersigned has been the assigned District Judge only since October 21, 2024, when the prior assigned District Judge recused himself.

[2] The Court finds it necessary to provide some regrettably tortuous background history, which the Court endeavors to provide with an appropriate balance of accuracy, thoroughness, and conciseness.
 The Court's initial screening order dismissed some of the defendants (including what Plaintiff called "Centurion," which Plaintiff identified essentially as the private company that has contracted to provide medical services at Plaintiff's place of incarceration, Turney Center Industrial Complex (TCIX)) named by Plaintiff in his complaint. After that, there has been one entity defendant, namely Tennessee Department of Correction (TDOC), as well as two separate "groups" of individual defendants in this case. One group is associated with TDOC and comprises Jeremy Cotham, Jason Clendenion, and Frank Strada ("First Group"). Notably, Strada was not named by Plaintiff as a defendant, but he is identified as a movant in the below-described First Motion; the Court can only assume that the filers of the First Motion took the odd step of adding him as an appropriate individual to represent TDOC with respect to Plaintiff's requested injunctive relief because purportedly he was the TDOC official that should have been sued in his individual capacity in connection with Plaintiff's request for injunctive relief as regards TDOC. The Court will forgo explaining why this is odd and instead will simply note that this tack appears to have been done in good faith and is not at all prejudicial to the defendants or material to the outcome of the Motions. The other group consists of Mark Fowler, Cortez Tucker, and Kevin Rea ("Second Group").
 Notably, the Motions address only Plaintiff's claims for injunctive relief, and each of the above-named individuals (except for Strada, who as discussed above was not sued at all but appears to be a TDOC official with duties relevant to Plaintiff's claims for injunctive relief) has been sued in his official capacity, meaning that Plaintiff's claims for injunctive relief are at least ostensibly appropriately considered as brought against these individuals.

Nos. 59 and 62, collectively, "Motions") with regard to Plaintiff's claims for injunctive relief and deny Defendants' motions as to all other claims,[3] and that the Court provide Plaintiff an opportunity to move for leave to amend his complaint. No objections to the R&R have been filed and, as discussed below, the time for filing objections has expired.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference:

> Jones suffers from neuropathy, and his condition worsens when he walks up and down stairs and hills. (Doc. No. 1.) Jones's complaint alleges that, because TCIX is located on steep hilly terrain, he frequently has to climb and descend stairs and hills to access housing, medical care, and recreation. (*Id*.) Jones states that this has caused him to experience serious medical problems and that he has repeatedly

---

The First Group filed a motion to dismiss (Doc. No. 59, "First Motion"). The Second Group filed what purported to be a motion to dismiss (Doc. No. 62, "Second Motion") that merely adopted the First Motion to the extent that it was applicable to the Second Group. Thereafter, understandably believing that the Court might require the Second Group to obtain leave of court to join the First Motion in light of a comment of the Magistrate Judge (Doc. No. 67 at 1 n.1), the Second Group filed a motion (Doc. No. 68) for leave to join the First Motion or, alternatively, for leave to file instead a proposed separate motion of their own with a proposed supporting memorandum (Doc. Nos. 68-1, 68-2) in case the Court did not allow them to simply join in the First Motion. The Court later entered an order granting the Second Group's request to join in the First Motion (Doc. No. 84, "Order Granting Joinder"), and the R&R therefore did not address the alternative proposed separate motion (Doc. No. 68-1), which effectively was rendered a nullity by the Order Granting Joinder.

Therefore, although there are two outstanding motions to dismiss in this case (the First Motion and the Second Motion), the First Motion is the one that contains the substantive arguments on behalf of both the First Group and the Second Group.

The Court herein will refer to both defendant groups (the First Group and the Second Group) collectively, as "Defendants."

[3] The Court notes that the R&R recommends in part that "the defendants' motions to dismiss be granted with regard to [Plaintiff]'s injunctive relief claims and denied as to all other claims." (Doc. No. 88 at 2). However, upon review, the Court observes that the First Motion (and thus also the Second Motion) was limited to Plaintiff's claims for injunctive relief. Therefore, the Court need not deny either of the Motions as to "all other claims," because the Motions did not seek dismissal of those claims (i.e., those seeking monetary damages). In other words, the Motions do not need to be denied *in any respect* in order to make the point that "all other claims" besides Plaintiff's claims for injunctive relief survive the granting of the Motions. Therefore, although the Court ultimately adopts the R&R in its entirety, it notes that to say that "the defendants' motions to dismiss [are] granted with regard to [Plaintiff]'s injunctive relief claims and denied as to all other claims" is really to say simply that the Motions are granted, period.

asked the defendants to transfer him to another facility built on flat land, but the defendants have either refused or failed to act on his transfer requests. (*Id*.)

Jones initiated this action on June 29, 2022, by filing a complaint against TCIX, Cotham, Clendenion, Fowler, Tucker, Rea, TCIX Classification Coordinator Todd Staples, and Centurion, the private company that contracts with TDOC to provide medical services at TCIX. (*Id*.) Jones's complaint asserts § 1983 claims alleging violations of his Eighth and Fourteenth Amendment rights and claims under Title II of the ADA. (*Id*.) Jones seeks monetary relief for the defendants' alleged constitutional and statutory violations and injunctive relief in the form of an order transferring him to DeBerry Special Needs Facility (DSNF). (Doc. No. 2.)

The Court granted Jones's application to proceed *in forma pauperis* and reviewed his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 9, 10.) The Court found that Jones had stated colorable Eighth Amendment claims against Clendenion, Cotham, Fowler, Rea, Staples, and Tucker in their individual capacities and colorable ADA claims against Clendenion and Cotham in their official capacities, which are claims against TDOC. (Doc. Nos. 9, 10.) The Court dismissed all other claims and defendants in Jones's complaint for failure to state claims on which relief may be granted. (Doc. Nos. 9, 10.) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 10.)

At Jones's request, the Clerk of Court issued summonses for Clendenion, Cotham, Fowler, Rea, Staples, Tucker, and former TDOC Commissioner Lisa Helton. (Doc. No. 11.) Because Jones proceeds *in forma pauperis*, the Court directed the U.S. Marshals Service to effect service of process on the defendants on Jones's behalf as required by Federal Rule of Civil Procedure 4(c)(3). See Fed. R. Civ. P. 4(c).

Fowler, Rea, and Tucker appeared and moved to dismiss all of Jones's claims against them under Rules 12(b)(2), 12(b)(4), and 12(b)(5), arguing that the Court lacked personal jurisdiction over them because Jones had not satisfied the service of process requirements set forth in Rule 4. (Doc. Nos. 15, 18, 20.) Jones responded in opposition (Doc. No. 23), and Fowler, Rea, and Tucker filed replies (Doc. No. 24, 34). The Magistrate Judge entered a report and recommendation finding that because "Jones 'met his burden in identifying the [d]efendants to be served' and . . . 'responsibility for service of process rests with the Marshals[,]' Jones therefore 'cannot be held responsible' if Fowler, Rea, and Tucker 'were not properly served[.]'" *Jones v. Centurion*, Case No. 1:22-cv-00024, 2023 WL 4378095, at *4 (M.D. Tenn. July 6, 2023) (first and last alterations in original) (quoting *Hunter v. Helton*, No. 1:10-CV-00021, 2011 WL 4807757, at *2 (M.D. Tenn. Aug. 11, 2011)), *report and recommendation adopted*, 2023 WL 4771169 (M.D. Tenn. July 26, 2023). The Magistrate Judge further found "that good cause exist[ed] to extend the service deadline under Rule 4(m)" and recommended that the Court deny without prejudice Fowler's, Rea's, and Tucker's motions to dismiss

and order "these defendants to file notices within twenty-one days informing the Court that they agree to waive service of process or, in the alternative, advising the Court where and when the Marshals Service may serve them." *Id.* The Court adopted the Magistrate Judge's report and recommendation over Fowler, Rea, and Tucker's objections. (Doc. No. 43.) Fowler, Rea, and Tucker subsequently filed waivers of service. (Doc. Nos. 46–48.)

Staples also appeared and moved to dismiss Jones's Eighth Amendment claim against him under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(5), arguing that Jones had not effected service of process on him. (Doc. Nos. 27, 28.) The Magistrate Judge ordered Jones to file any response in opposition to Staples's motion within fourteen days of being served and warned Jones that failure to file a timely response might result in a recommendation that his claim against Staples be dismissed under Rule 41(b) for Jones's failure to prosecute. (Doc. No. 29.) Jones did not file a response to Staples's motion. Instead, the Court received a letter from Jones stating that he had been transferred from TCIX to Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee. (Doc. No. 30.) The Magistrate Judge directed the Clerk of Court to mail a copy of Staples's motion to dismiss to Jones at BCCX and ordered Jones to show cause by July 20, 2023, "why the Court should not dismiss his claim[ ] against Staples and why it should allow him to file an untimely response in opposition to Staples's motion." (Doc. No. 38, PageID# 230.) The Magistrate Judge warned Jones that failure to comply with the show-cause order would "likely result in a recommendation that the Court dismiss his claim[ ] against Staples." (*Id.*) Jones did not respond to the show cause order, and the Magistrate Judge entered a report and recommendation recommending that the Court dismiss Jones's claim against Staples without prejudice under Rule 41(b) for Jones's failure to prosecute and find moot Staples's motion to dismiss. (Doc. No. 45.) Neither Jones nor Staples filed objections to the report and recommendation, and the Court adopted it. (Doc. No. 49.)

Clendenion, Cotham, Strada, Fowler, Rea, and Tucker answered Jones's complaint. (Doc. Nos. 35, 50–52.) The Magistrate Judge entered a scheduling order setting deadlines for filing motions to amend the pleadings, conducting discovery, and filing dispositive motions. (Doc. No. 53.)

On April 10, 2024, Clendenion, Cotham, and Strada filed a motion to dismiss Jones's official-capacity injunctive relief claims against them under Rule 12(b)(1) for lack of subject-matter jurisdiction. (Doc. No. 59.) Clendenion, Cotham, and Strada argue that Jones's "claims for Injunctive relief against [them] in their official capacities" "are moot and no longer justiciable" because Jones "is no longer housed at [TCIX]" and "[t]he specific injunctive relief sought—transfer from TCIX—would not, if granted, affect the legal interests of the parties." (Doc. No. 60, PageID# 359.) On the following day, Fowler, Rea, and Tucker filed a motion to dismiss "adopt[ing], incorporat[ing], and rely[ing] upon" Cotham, Clendenion, and Strada's "Motion to Dismiss and Memorandum of Law in support thereof, to the extent applicable to" Fowler, Rea, and Tucker. (Doc. No. 62, PageID# 368.)

Fowler, Rea, and Tucker subsequently filed a motion to join Cotham, Clendenion, and Strada's motion to dismiss or, in the alternative, for leave to file an amended motion to dismiss. (Doc. No. 68.) The Court granted Fowler, Rea, and Tucker's motion to join, stating that Fowler, Rea, and Tucker "will be deemed to have joined the motion to dismiss filed by" Cotham, Clendenion, and Strada. (Doc. No. 84, PageID# 450.)

On May 17, 2024, the Magistrate Judge found that Jones had not filed a response in opposition to the defendants' motions to dismiss his claims for injunctive relief within the time provided by the Court's scheduling order and the Federal Rules of Civil Procedure. (Doc. No. 67.) The Magistrate Judge ordered Jones to show cause by June 7, 2024, why the Magistrate Judge should not recommend that the Court dismiss Jones's claims against Cotham, Clendenion, Strada, Fowler, Rea, and Tucker for failure to prosecute or for the reasons stated in their motions to dismiss. (*Id.*) The Magistrate Judge further ordered Jones to file any responses in opposition to the defendants' motions to dismiss by the same date and warned Jones that failure to comply with the show-cause order would likely result in a recommendation that his claims be dismissed. (*Id.*)

Jones filed a response to the show-cause order on June 3, 2024, stating that he did not receive the defendants' motion to dismiss until May 23, 2024. (Doc. No. 72.) Jones states that the defendants' "motion was received at [BCCX]" on April 30, 2024, even though it was addressed to Jones at TCIX. But Jones states that he was not at BCCX on April 30, 2024, and did not receive the motion until May 23, 2024, when he returned to BCCX from "a medical appointment[.]" (*Id.* at PageID# 407.) On June 4, 2024, Jones filed a response in opposition to the defendants' motions to dismiss, arguing that the "[r]elief sought [in his complaint] is not only [i]njunctive but [also] compensatory and [p]unitive and that transfer to [BCCX]" did not moot his request for an order transferring him to DSNF because BCCX "has a hill to the recreational yard" and "is not flat land[,]" and Jones "is [still] qualified to be transferred to" DSNF. (Doc. No. 73, PageID# 411.)

Fowler, Rea, and Tucker filed a reply to Jones's show-cause response, stating that their "Motion to Dismiss was served, as evidenced by their Certificate of Service, on [Jones] at Bledsoe County Correctional Complex 11-22-B, 1045 Horsehead Road, Pikeville, Tennessee 37367" which "is the address on file with the Court" for Jones. (Doc. No. 74, PageID# 418, ¶ 3.) Fowler, Rea, and Tucker state, however, that they "ultimately defer to the Court's determination as to whether [Jones] has demonstrated good cause as to why his claims against [them] should not be dismissed for failure to prosecute." (*Id.* at PageID# 419, ¶ 6.) Fowler, Rea, and Tucker also filed an optional reply in support of their motion to dismiss Jones's claims for injunctive relief (Doc. No. 75), while Cotham, Clendenion, and Strada did not. Jones filed surreplies regarding his show-cause response and the defendants' motions to dismiss. (Doc. Nos. 78, 79.)

(Doc. No. 88 at 2-7). The Magistrate Judge concluded that the Motions should be "granted with regard to Jones's injunctive relief claims and denied as to all other claims and that the Court provide Jones an opportunity to move for leave to amend his complaint." (Doc. No. 88 at 2).

No party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the district court. For pro-se plaintiffs, like Plaintiff here, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail. But this extension does not help Plaintiff because the R&R was filed on February 26, 2025 and as of March 24, 2025 Plaintiff has not filed any objections.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context."

*Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 88) is adopted and approved. Accordingly, Defendants' Motions (Doc. No. 59, 62) are GRANTED, and all of Plaintiff's claims for injunctive relief are DISMISSED WITHOUT PREJUDICE.[4] As recommended in the R&R, if Plaintiff so desires, he may file a motion under Federal Rule of Civil Procedure 15(a)(2) for leave to amend his pleading, attaching as an exhibit a proposed amended complaint.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] As explained in a footnote above, the Court views granting the Motions (i.e., granting the Motions in their entirety) as granting the Motions' requests to dismiss all of Plaintiff's claims for injunctive relief, without addressing any other claims—*i.e.*, claims for damages—because the Motions did not request dismissal of any other claims.