UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LESLIE JONES,<br><br>     Plaintiff,<br><br>v.<br><br>DR. MARK FOWLER et al.,<br><br>     Defendants. | Case No. 1:22-cv-00024<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are motions by defendants[1] Mark Fowler, Cortez Tucker, Kevin Rea, Jason Clendenion, and Jeremy Cotham for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Doc. Nos. 103, 106, 109, 112.) In short, defendants argue that all of the claims in this case from pro se plaintiff Leslie Jones ("Jones") are untimely because Jones did not pursue litigation within the applicable limitations period. Alternatively, even if Jones's claims were timely, defendants argue that he received appropriate medication and accommodations for his chronic neuropathy and that the record shows no triable question of fact regarding deliberate indifference to medical needs. Plaintiff counters that his continued struggle with his medical condition raises questions of fact that need to be resolved at trial.

---

[1]     The Tennessee Department of Correction ("TDOC") is listed in the docket as a defendant in this case. That listing appears to have stemmed from a comment in the screening order that a certain claim that survived screening was deemed "a claim against TDOC." (Doc. No. 9 at 16.) Judge Richardson has laid out the convoluted history of this listing (Doc. No. 89 at 1 n.2), and this Court need not repeat it here. Long story short, the only defendants in this case as of this writing are the five individuals who have moved for summary judgment. Upon adoption of this Report and Recommendation, TDOC should be terminated as a defendant.

For the reasons below, the Court respectfully recommends granting all four pending motions.

## I.     Background

### A.     Factual Background

Familiarity with the record is presumed, and the Court will note only a few highlights. Jones had a medical history of chronic neuropathy and other conditions following cervical spine surgery in 2018. The record indicates that Jones received multiple medical accommodations upon request. On December 29, 2019, Plaintiff felt that "his legs went numb and he fell to the ground" as part of his chronic neuropathy. (Doc. No. 1 at 5.) Throughout 2019 to 2023, Jones received repeated accommodations including an indefinite back brace; placement of a chair in his cell; meal delivery to his cell; a bottom bunk assignment; and permission to walk along the prison fence line and grass, which had flatter terrain. (Doc. No. 103-1.) Jones received these accommodations even though a doctor noted on March 12, 2020 that "I do not see anything at this time that correlates with his severe pain" and that conservative treatment was recommended. (Doc. No. 103-1 at 17.) Jones received treatment plans including multiple prescriptions to treat all of his reported medical symptoms. (Doc. No. 103-1 at 25.) One prescription was for gabapentin, which required special approval as a non-formulary drug. (Doc. No. 103-1 at 34, 37.) When Jones submitted sick call requests, he received appointments and further accommodations. (Doc. No. 103-2; *id.* at 15–18.) On more than one occasion, Jones refused his gabapentin prescription or a medical appointment. (Doc. No. 103-2 at 19, 75.) Jones first requested a transfer to a facility with flatter terrain in 2019 (Doc. No. 103-4 at 11); he repeated the request during a medical appointment in March 2021 (Doc. No. 103-1 at 45) and initiated grievance procedures about a transfer around that time (Doc. No. 109-1 at 2–12). Jones did not receive a medical recommendation for transfer, and at his deposition, Jones testified that he experienced difficulty walking even on flat terrain. (Doc. No. 103-4 at 17.)

2

Jones was transferred to another facility in 2023, and he testified at his deposition that no medical provider ever told him that he should have been transferred sooner. (Doc. No. 103-4 at 20.)

**B.     Procedural History**

Jones commenced this case by filing his complaint on July 12, 2022. (Doc. No. 1.) The case survived screening (Doc. Nos. 9, 10) and proceeded to discovery. Defendants filed their respective motions on October 29, 2025.

**II.     Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment . . . . More important for present purposes, summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). "The court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party." *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) (citation omitted). "In undertaking this inquiry, credibility judgments and weighing of the evidence are prohibited." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (internal quotation marks and citations omitted).

**III.     Analysis**

**A.     Timeliness**

The Court agrees with defendants that a one-year statute of limitations applies to Jones's claims. *See Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citations omitted); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (citations omitted). Jones's

claim accrued in late 2019, and he did not initiate administrative procedures, let alone exhaust them, until 2021. Additionally, the record here does not present a scenario of repeated requests and denials that could implicate the continuing-violation doctrine. *See Eidson*, 510 F.3d at 635 ("A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.") (internal quotation marks and citations omitted). Jones's claims against all defendants thus are untimely.

## B. Deliberate Indifference

Alternatively, even if Jones's claims were timely, summary judgment would be appropriate for all claims of deliberate indifference. Prison officials and medical providers violate the Eighth Amendment when they exhibit deliberate indifference to a prisoner's serious medical needs. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citation omitted). An Eighth Amendment claim has an objective component and a subjective component. *Id.* (citation omitted). "The objective component requires a plaintiff to prove a 'sufficiently serious' medical need, which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks and citation omitted). "If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious, the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Id.* (internal quotation marks and citations omitted). "The subjective component requires a plaintiff to prove that the doctors had a sufficiently culpable state of mind, equivalent to criminal recklessness. To be liable, the doctors need not act for the very purpose of causing harm or with knowledge that harm will result, but they must act with more than mere negligence." *Id.* at 591 (internal quotation marks and citations omitted). "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has

4

not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Nonetheless, "[a] government doctor has a duty to do more than simply provide some treatment to a prisoner who has serious medical needs; instead, the doctor must provide medical treatment to the patient without consciously exposing the patient to an excessive risk of serious harm." *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001).

Here, Jones has not done enough to raise a triable question of fact concerning deliberate indifference to his medical needs. The record indicates that defendants evaluated Jones multiple times over several years to address his chronic neuropathy and that transfer was not warranted. Given the medical opinion that surgery was not warranted and that conservative treatment was preferable, defendants arranged for many accommodations on a daily basis, including medication; a walking cane; an indefinite back brace; placement of a chair in his cell; meal delivery to his cell; a bottom bunk assignment; and permission to walk along the prison fence line and grass, even though Jones testified that he also had trouble walking on flat terrain. *Cf. Washington v. Stewart*, No. 3:10-1011, 2010 WL 4511015, at *1 (M.D. Tenn. Nov. 1, 2010) (no deliberate indifference, where plaintiff's leg pain from a bullet wound was addressed with pain medication, a bottom bunk, and crutches). Jones has not made enough of a showing, through experts, his opposition papers (Doc. Nos. 118–120), or other documentation, that defendants' numerous accommodations consciously disregarded a serious risk of harm. *Cf. Colston v. Eddy*, No. 2:23-CV-1599, 2025 WL 39864, at *2 (S.D. Ohio Jan. 7, 2025) (summary judgment motion granted regarding deliberate indifference, where plaintiff received "multiple examinations, numerous x-rays, a knee brace, a cane, steroid injections, and pain medications") (citation omitted); *see also Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017) (unpublished opinion) (affirming summary judgment on

deliberate indifference claim, where the need for "expert testimony as to the proper treatment acknowledges that this Court lacks the requisite medical expertise to properly evaluate" the claim). Jones might believe that defendants' treatments and accommodations were not effective, or that they should have done even more for his daily symptoms, but a disagreement over the course of care does not rise to the level of a constitutional violation. *Cf. Berryman v. Howes*, 238 F.3d 419, 2000 WL 1800539, at *1 (6th Cir. 2000) (table case) (dismissal of Eighth Amendment claim affirmed, where "the record indicates that [plaintiff] received medical treatment for several impairments during the time that is pertinent to his complaint" and where plaintiff "has alleged no more than a medical malpractice claim that does not rise to the level of a constitutional violation").

Under the circumstances, no reasonable jury would find that defendants were deliberately indifferent to Jones and his medical needs, making summary judgment appropriate.

## IV. Recommendation

For all of the foregoing reasons, the Court respectfully recommends granting defendants' motions for summary judgment (Doc. Nos. 103, 106, 109, 112).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 1st day of July, 2026.

LUKE A. EVANS
United States Magistrate Judge