IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LESLIE JONES,                           )
                                        )
    Plaintiff,                          )
                                        )        NO. 1:22-cv-00024
v.                                      )
                                        )        JUDGE RICHARDSON
DR. MARK FOWLER, et al.,                )
                                        )
    Defendants.                         )
                                        )

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 128, "R&R") of the

Magistrate Judge, which recommends that the various motions for summary judgment (Doc. Nos.

103, 106, 109, 112, "Motions") filed by Defendants Mark Fowler (Doc. No. 106), Cortez Tucker

(Doc. No. 103), Kevin Rea (Doc. No. 109), and Jason Clendenion together with Jeremy Cotham

(Doc. No. 112) be granted. (Doc. No. 128 at 6). No objections to the R&R have been filed, and the

time for filing objections has now expired.[2]

Absent any objection to the statement of the procedural background and relevant facts

(regarding the underlying circumstances of this case) set forth by the Magistrate Judge in the R&R,

the Court adopts that statement in its entirety and includes it here for reference:

---

[1] Herein, except in one quoted sentence from the R&R wherein the Magistrate Judge refers to himself as "the Court," "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of a report and recommendation in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on July 1, 2026, and as of July 28, 2026, Plaintiff has not filed any objections.

## I.      Background

### A.      Factual Background

Familiarity with the record is presumed, and the Court will note only a few highlights. Jones had a medical history of chronic neuropathy and other conditions following cervical spine surgery in 2018. The record indicates that Jones received multiple medical accommodations upon request. On December 29, 2019, Plaintiff felt that "his legs went numb and he fell to the ground" as part of his chronic neuropathy. (Doc. No. 1 at 5.) Throughout 2019 to 2023, Jones received repeated accommodations including an indefinite back brace; placement of a chair in his cell; meal delivery to his cell; a bottom bunk assignment; and permission to walk along the prison fence line and grass, which had flatter terrain. (Doc. No. 103-1.) Jones received these accommodations even though a doctor noted on March 12, 2020 that "I do not see anything at this time that correlates with his severe pain" and that conservative treatment was recommended. (Doc. No. 103-1 at 17.) Jones received treatment plans including multiple prescriptions to treat all of his reported medical symptoms. (Doc. No. 103-1 at 25.) One prescription was for gabapentin, which required special approval as a non-formulary drug. (Doc. No. 103-1 at 34, 37.) When Jones submitted sick call requests, he received appointments and further accommodations. (Doc. No. 103-2; id. at 15–18.) On more than one occasion, Jones refused his gabapentin prescription or a medical appointment. (Doc. No. 103-2 at 19, 75.) Jones first requested a transfer to a facility with flatter terrain in 2019 (Doc. No. 103-4 at 11); he repeated the request during a medical appointment in March 2021 (Doc. No. 103-1 at 45) and initiated grievance procedures about a transfer around that time (Doc. No. 109-1 at 2–12). Jones did not receive a medical recommendation for transfer, and at his deposition, Jones testified that he experienced difficulty walking even on flat terrain. (Doc. No. 103-4 at 17.) Jones was transferred to another facility in 2023, and he testified at his deposition that no medical provider ever told him that he should have been transferred sooner. (Doc. No. 103-4 at 20.)

### B.      Procedural History

Jones commenced this case by filing his complaint on July 12, 2022. (Doc. No. 1.) The case survived screening (Doc. Nos. 9, 10) and proceeded to discovery. Defendants filed their respective motions on October 29, 2025.

(Doc. No. 128 at 2-3). The Magistrate Judge also noted that:

The Tennessee Department of Correction ("TDOC") is listed in the docket as a defendant in this case. That listing appears to have stemmed from a comment in the screening order that a certain claim that survived screening was deemed "a claim against TDOC." (Doc. No. 9 at 16.) Judge Richardson has laid out the convoluted history of this listing (Doc. No. 89 at 1 n.2), and this Court need not repeat it here. Long story short, the only defendants in this case as of this writing are the five

individuals who have moved for summary judgment. Upon adoption of this Report and Recommendation, TDOC should be terminated as a defendant.

(*Id.* at 1 n.1). The Magistrate Judge concluded that, in addition to TDOC being terminated as a defendant, the Motions should be granted, as a "one-year statute of limitations applies to Jones's claims . . . [and] Jones's claim[s] accrued in late 2019, and he did not initiate administrative procedures, let alone exhaust them, until 2021," (*id.* at 3-4), and even if Jones's claims were timely, "no reasonable jury would find that defendants were deliberately indifferent to Jones and his medical needs, making summary judgment appropriate," (Doc. No. 128 at 6). No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report

and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 128) is adopted and approved. Accordingly, Defendants' Motions (Doc. Nos. 103, 106, 109, 112) are **GRANTED**. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE